**Brooks v. City of Harrisburg**

*Charles E. Schmidt, Jr.*, for plaintiffs.
*Harvey Freedenberg*, for defendants.

WICKERSHAM, *J.*, March 8, 1979—This matter is before the court on the preliminary objections of defendants Borough of Middletown and Donald L. Foreman to plaintiffs' amended complaint. On July 13, 1977, defendant Foreman of the Middletown Police Department, issued a warrant for the arrest of one Kelvin Brooks, 1256 Cumberland Street, Harrisburg, for the crimes of rape and indecent assault. The following day, defendants Hefenfinger, DeFrank and Macon, all members of the Harrisburg Police Department, executed the warrant by going to the home of plaintiff Kelvin Brooks, 1648 Paxton Street, Harrisburg, and forcibly placing him under arrest. Thereafter, he was taken to City Hall and booked, and then transferred to Dauphin County Prison for a period of one week when it was determined that his arrest had been in error. The proper party for whom the arrest warrant should have been issued was one Calvin D. Brooks, 1245 Cumberland Court, Harrisburg.

As a result of this incident, plaintiff and his sister, Cynthia Brooks (who was allegedly injured by the police officers), filed this suit in trespass seeking damages for assault and battery; plaintiff Kelvin Brooks also filed a separate count for false imprisonment. Defendants Middletown and Foreman have filed the preliminary objections which we shall hereafter consider.

First, defendants have filed a preliminary objection in the nature of a demurrer. A demurrer should be sustained only where it appears with certainty that upon the facts averred the law will not permit plaintiff to recover: Papieves v. Kelly, 437 Pa. 373, 381, 263 A. 2d 118, 122 (1970). In the instant case, Middletown and Foreman argue that they cannot be held liable for the tortious acts of their co-defendants, the City of Harrisburg, and officers

Hefenfinger, DeFrank and Macon, who were responsible for effecting plaintiff's wrongful arrest. With this contention we do not agree. It is clear from the allegations of the complaint that Foreman, Middletown's agent, set into motion a chain of events which culminated in plaintiff's arrest.

Section 302 of Restatement, 2d, Torts, is apposite here: "§302. Risk of Direct or Indirect Harm  A negligent act or omission may be one which involves an unreasonable risk of harm to another through either (a) the continuous operation of a force started or continued by the act or omission, or (b) the foreseeable action of the other, a third person . . . " Furthermore, comment c. to section 302 clarifies and amplifies this principle:

"c. The actor may be negligent in setting in motion a force the continuous operation of which, without the intervention of other forces or causes, results in harm to the other. He may likewise be negligent in failing to control a force already in operation from other causes, or to prevent harm to another resulting from it. Such continuous operation of a force set in motion by the actor, or a force which he fails to control, is commonly called 'direct causation' by the courts . . . "

We therefore conclude that plaintiffs have stated a legally cognizable cause of action, and find no merit to defendants' demurrer. Accordingly, it is overruled.

Next, defendants maintain that plaintiffs' amended complaint should be stricken pursuant to Pa.R.C.P. 1017(b)(2), insofar as it seeks recovery of punitive damages. The general rule is that where injuries have been inflicted intentionally or occur through carelessness or negligence amounting to a

wrong so reckless and wanton as to be without excuse, punitive damages are recoverable in addition to compensatory damages: 11 P.L.E. §14, 105 (1970 ed.). In the case at bar, plaintiffs seek both compensatory and punitive damages, and base their claim for punitive damages on the willful, wanton and malicious misconduct of defendants. We are of the opinion that plaintiffs are entitled to an opportunity to plead and prove such damages; therefore, the motion to strike is overruled.

Finally, defendants have filed a preliminary objection in the nature of a motion for more specific pleading pursuant to Pa.R.C.P. 1019(a). In Baker v. Rangos, 229 Pa. Superior Ct. 333, 324 A. 2d 498 (1974), the court held that Rule 1019 requires the pleading of facts sufficient to enable the adverse party to plead his case. Indeed, it has been stated that a motion for a more specific pleading will be denied " . . . where there is no question of the matter in controversy . . . " 4 Standard Pa. Prac., §24, 34. In this case, there can be no doubt that defendants are aware that plaintiffs are seeking damages for defendants' wrongful issuance of an arrest warrant which set in motion a chain of events which could have been prevented by the use of due care in ascertaining the correct identity of a suspect charged with rape and indecent assault. We shall therefore overrule defendants' motion for a more specific pleading.

## ORDER

And now, March 8, 1979, the preliminary objections of defendants Borough of Middletown and Donald L. Foreman to plaintiffs' amended complaint are hereby overruled.